ADAMS, Justice.
This is an appeal from a final judgment of the Circuit Court of Tuscaloosa County. The plaintiffs filed an action asking the trial court to construe an instrument executed by defendant Richard Holycross and his wife, Minnie Holycross, on February 28, 1976. The court, after hearing the evidence in open court and receiving written briefs of counsel, ruled that the instrument in question was intended to be added to and *2 made a part of the previously made wills of the persons executing it, and, thus, was not a contract, deed or other conveyance. The court went on to rule that the plaintiffs had no interest in the property which was the subject of the disputed instrument, and that defendants Richard L. Holycross and Juanita Holycross had rightfully conveyed said property to defendants Ray Watkins and Brenda Watkins, free from the claims of the plaintiffs. From this judgment the plaintiffs appeal. We affirm.
The facts of the case are as follows:
Richard L. and Minnie Holycross were husband and wife. They owned a home on approximately four acres of land deeded to them as joint tenants with right of surviv-orship. On August 27, 1971, Richard and Minnie Holycross executed identical wills, each of them being the sole beneficiary of the other’s will. Subsequently, Minnie Ho-lycross had two heart attacks and three heart-related operations. On February 28, 1976, Minnie Holycross presented to her husband a typewritten document and asked him to sign it, which he did. That instrument, later made the subject of this litigation, reads:
February 28, 1976
The following is to be added to and made a part of our Wills made the 27th day of August, 1971.
It is agreed that the survivor will have the use of or may live in our home as long as he or she wishes but' will not sell, trade, swap or in any way dispose of our real estate.
It will go to Robert Lee and James Forest Holycross, our sons, when we move out or die, to be divided equally between them.
Signed this 28th day of
February, 1976
/s/ Minnie Holycross
/s/ Richard L. Holycross
Witnesses
/s/F.E. Hulsev
/s/Inez W. Hulsey
In the spring of 1976, Minnie Holycross gave a copy of her will, with the above instrument inserted between the final page and the back cover, to her son Robert Lee Holycross. Minnie Holycross died June 25, 1977. Richard Holycross gave the 1971 will of Minnie Holycross and the above instrument to a lawyer, who handled the probate of the estate. The 1971 will was filed for probate without the additional instrument.
Richard Holycross continued to live in the home for more than two years after Minnie Holycross’s death. He moved to Tuscaloosa in 1979, and in 1981 he, with his second wife, defendant Juanita Gaddy Holycross, sold the property to Ray Watkins and wife Brenda Watkins for $39,000.00.
In 1981, after the property was advertised for sale, Robert L. Holycross and James F. Holycross filed this action for a declaratory judgment, and included a request for a temporary injunction to prevent the sale of the property. When the property was sold before an injunction could be obtained, Ray Watkins and Brenda Watkins were added as defendants.
The appellants present the following-issues for our consideration:
I. Does the fact that the defendant, Richard L. Holycross, did not file the instrument for probate with the will of Minnie Holycross estop him from asserting that the instrument was a codicil to her will?
II. Is the trial court’s decision that the instrument in question is not a contract, deed or other form of conveyance contrary to the great weight of the evidence and the law?
III. Were the defendants, Ray Watkins and Brenda Watkins, innocent purchasers for value without notice of defect in the title to the property in question?
Because we answer the first two questions in the negative, we find it unnecessary to reach the third question.
The appellants argue that the failure of Richard Holycross to file the disputed instrument for probate estops him from now claiming that it is a codicil to the will. However, they cite to us no cases in which estoppel is applied to a proceeding such as *3 the one before us. The evidence shows that Richard Holycross took the instrument, with the will, to a lawyer who was to handle the probate of the will. The evidence does not show why the lawyer did not file the instrument as a codicil to the will, but it is clear that Richard Holycross derived no benefit from his failure to do so. As the instrument dealt with property which passed to Richard Holycross not through the will, but by a deed in joint tenancy with right of survivorship, he could in no way have been harmed by it had it been filed as a codicil. Thus, he should not now be es-topped to assert its character as such. In addition, “an estoppel cannot exist where the knowledge of both parties is equal, and nothing is done by the one to mislead the other.” Cosby v. Moore, 259 Ala. 41, 65 So.2d 178 (1953); Webb v. City of Demopolis, 95 Ala. 116, 13 So. 289 (1891). The evidence is clear that the appellants were aware of the instrument placed in the back of their mother’s will, were notified of the probate proceedings, and were not misled by the failure to file the instrument. For these reasons we hold that estoppel is not applicable in this case.
The appellants contend that the instrument in question is a “contract, deed, or other conveyance,” rather than a codicil to the will. They claim first that it is a contract between husband and wife to execute a will, citing as authority two Alabama cases, Bolman v. Overall, 80 Ala. 451, 2 So. 624 (1886), and Schumaker v. Schmidt, 44 Ala. 454, 4 Am.Rep. 135 (1870). Bolman v. Overall is inapposite, concerning an instrument in the form of a will, making certain bequests for the stated consideration of services rendered to the testator by the beneficiaries. In that case this court upheld the instrument as a binding contract. Such agreements, based on the consideration of personal services, have long been upheld, but such an agreement is not now before us. In Schumaker v. Schmidt, supra, which involved an instrument executed by two friends, this court concluded that the instrument before it was a will and not a contract. The court stated that it would not declare the instrument a contract “in the absence of express declaration to that effect, or unavoidable deduction from its terms.” 44 Ala. at 465. In determining the nature of the instrument, we note that the first sentence states that it is to be added to and made a part of the wills of the parties executed earlier. We also note that the instrument was inserted into Minnie Holy-cross’s will between the final page and the back cover. There is no recital of any consideration, and nothing is on the face of the instrument to indicate that further action was contemplated on the part of either party. On the contrary, the indication is that the instrument was intended merely to supplement the earlier wills of the parties.
The appellants argue alternatively that the instrument is a conveyance or deed, passing a present interest to them, enjoyment of which is postponed. They state that their parents not only agreed to reduce their own interest to a life estate, but added conditions on how they themselves could use the property during their lifetimes. We disagree with the above statement. Although the last sentence of the instrument uses the pronoun “we” in referring to “when we die or move out,” it is clear from the total instrument that the pronoun “we” is intended to refer to the survivor of the two. Thus, the instrument is clearly intended to have no effect at all until the death of the first party. There is nothing in the evidence to indicate that Minnie Ho-lyeross, in giving her son a copy of the instrument, was intending to deliver a deed rather than merely giving him a copy of her complete will.
Finding that the instrument was a codicil to the wills of Minnie Holycross and Richard Holycross, the trial court concluded that it had no effect on the ownership of the property, which passed to Richard Holy-cross by the deed in joint tenancy with right of survivorship, and that Richard Ho-lycross had the right to convey the property to Ray Watkins and Brenda Watkins.
The trial court heard testimony from all the parties to the suit, and weighed the arguments of counsel. On reviewing the *4 entire record, we find that the trial court’s decree is not palpably wrong and is due to be affirmed.
AFFIRMED.
FAULKNER, ALMON and EMBRY, JJ., concur.
TORBERT, C.J., concurs specially.